# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY DALE BARGER,

Plaintiff,

v.

KERN COUNTY SHERIFF'S DEPT., et al.,

Defendants.

/

1:12-cv-01846-GBC (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(Doc. 1)

FIRST AMENDED COMPLAINT DUE WITHIN FOURTEEN DAYS

## I. Factual and Procedural Background

Gary Dale Barger[1] ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Doc. 1. On November 8, 2012, Plaintiff filed his complaint which is currently before the Court. Doc. 1.

## II. Screening

### A. Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

[1] The Court notes that the given Prisoner ID of F-85263 is given for the name Gary Francis Fisher AKA Gary Dale Burger. *Fisher v. Ventura County Sheriff*, 2:07-cv-05083-VBF-MAN.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'" *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). "'Additionally, in general, courts must construe pro se pleadings liberally.'" *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**B. Plaintiff's Complaint**

Plaintiff is incarcerated at California State Prison, Corcoran (CSPC) in Corcoran California, and is suing under section 1983 against forty-nine defendants, the majority of whom are judges, prosecutors, court staff and parole officers. Doc. 1 at 3. As relief Plaintiff seeks monetary damages for the "extensive beatings, time, pain, anguish and suffering." Doc. 1 at 4.

Plaintiff's complaint is rambling and incoherent. Doc. 1. Plaintiff makes conclusory allegations regarding an illegal parole hold and illegal court proceeding. Doc. 1. Plaintiff alleges:

> My claim is based on a[n] illegal, unfounded parole hold, of which snowballed into what became the case against me. The agenc[ies] involved went through great lengths to detain me, and confiscated highly classified military documents to the national security agency-"Star Wars Program." The work I do for the NSA and the military is on our military's satellite defense system and the whole episode is based on those documents also a[n] illegal court proceeding. I am in the process of unraveling my

> past so-called criminal history w[ith] a series of civil suits and writs of habeas corpus to prove my innocence. This is not the first time this has happened.

Doc. 1 at 4. Then is appears that Plaintiff attaches a letter where Plaintiff addresses U.S. Attorney Benjamen Wagner wherein Plaintiff writes:

> Benjamen, I have no options. This prison opens, holds, reads all of my correspondence to Washington to you. They withheld the form I'm sending. Queen Jane, Maria Shriver and Tipper Gore made it possible for me to resubmit my consent to your jurisdiction . . . I'm in over my head in FOIPA [numbers] and they've closed some. So following all this week, I'm filing civil litigation suits on the FBI, of course, and even the National Security Division. I've just sent the [numbers] to Ann, Catherine and Priscilla in Washington and I am suspecting forgery on some of the closures, so it's on them to investigate. . .

Doc. 1 at 5.

**C. Analysis**

From Plaintiff's mention of requesting monetary relief for the "frequent beatings" it appears that he may be attempting to allege an Eighth Amendment claim.

**1. Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant

personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. In this complaint, Plaintiff fails to link any of the named defendants to any specific act or omission which resulted in violating Plaintiff's rights. As such, Plaintiff fails to state a cognizable claim.

**3. Rule 8**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949. The complaint is so mired in extraneous facts, legal arguments, legal citations, and unnecessary legalese that it fails to comply with Rule 8(a). Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

**III. Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed November 8, 2012, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **fourteen (14) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: November 28, 2012

UNITED STATES MAGISTRATE JUDGE